■ In the Matter of the Claim of Leland Wilson, Jr., Appellant, v. Tippetts-Abbott-McCarthy-Stratton et al., Respondents. Workmen's Compensation Board, Respondent.

Reynolds, J. Appeal by the claimant from a decision of the Workmen's Compensation Board disallowing his claim on the grounds that claimant did not sustain an accidental injury arising out of and in the course of employment. On December 12, 1959 claimant, a 61-year-old civil engineer with some prior history of hypertension and cardiovascular problems, suffered a paralyzing stroke while working on the construction of a railroad in a remote section of Canada. Claimant contends that the stroke was precipitated by an hour-long altercation with one of his superiors over a radiophone concerning an expected report of settlement readings for a bridge. Actually the conversation did not take place between claimant and his superior directly but through an intermediary located midway between the parties. As is typical, there is conflicting testimony as to the intensity of the argument and on the medical issue of causal relationship. It has been held in one line of cases that the board is justified in finding an accident where there is evidence of an aggravated and prolonged situation of emotional tension (*Matter of Klimas* v. *Trans Caribbean Airways*, 10 N Y 2d 209). On the other hand, awards have been reversed where the argument at issue, from the common-sense viewpoint of the average man, "would be regarded as neither

involving nor inducing emotional strain or tension greater than the countless differences and irritations to which all workers are occasionally subjected without untoward result." (*Matter of Santacroce* v. *40 W. 20th St.*, 9 A D 2d 985, affd. 10 N Y 2d 855; *Matter of Cramer* v. *Barney's Clothing Store*, 15 A D 2d 329, affd. 13 N Y 2d 711; *Matter of Gordon* v. *Temple Beth El of Great Neck*, 18 A D 2d 855, affd. 14 N Y 2d 742; *Matter of Zygler* v. *Tenzer Coat Co.*, 19 A D 2d 660). Within these guidelines it remains for the board in its capacity as the arbiter of factual issues to decide if a given incident constitutes an accident within the meaning of the Workmen's Compensation Law, and its determination, if supported by substantial evidence must be sustained (Workmen's Compensation Law, § 23; *Matter of Unterberg* v. *New York State Dept. of Labor*, 19 A D 2d 668). We cannot say on the present record that the board could not find that " the argument described by the claimant did not involve greater emotional strain or tension than that to which all workers are occasionally subjected." Decision affirmed, without costs. Gibson, P. J., Herlihy, Aulisi and Hamm, JJ., concur.