SMALL, Appellant,

v.

DEFIANCE PUBLIC LIBRARY et al., Appellees.

[Cite as *Small v. Defiance Pub. Library* (1993), 85 Ohio App.3d 583.]

Court of Appeals of Ohio,
Defiance County.

No. 4–92–20.

Decided Feb. 26, 1993.

584

*Theodore A. Bowman,* for appellant.

*Lee Fisher,* Attorney General, and *Charles E. Bloom,* Assistant Attorney General, for appellee, Patrick Mihm, Admr., Bureau of Workers' Compensation.

*Stephen D. Koder,* for appellee, Defiance Public Library.

---

EVANS, Presiding Judge.

Roger Small appeals from a judgment of the Common Pleas Court of Defiance County granting summary judgment in favor of appellees, Defiance Public Library and Patrick Mihm, Administrator of the Bureau of Workers' Compensation. Appellant seeks participation in the Workers' Compensation Fund for death benefits as a result of injuries his wife sustained while working for her employer, Defiance Public Library.

Appellant's decedent, Jane Small, began working as the director of the Defiance Public Library in 1976 and maintained this position until her death.

Mrs. Small undertook a project to computerize the catalogue systems of the Defiance Public Library and three other Northwestern Ohio libraries. The project was intended to provide automation for the circulation of books and to establish an on-line catalogue among the participating libraries. Mrs. Small took the lead role in the development of the project and was instrumental in securing the necessary funds. On September 15, 1988, while presiding over a meeting relating to this project, Mrs. Small collapsed and had to be transported to the hospital, where she died eight days later of a subarachnoid hemorrhage caused by a ruptured aneurysm. She was sixty-four years old at the time of her death. Appellant claims the stress of this project caused his wife's injury and that her death is therefore compensable under Ohio's workers' compensation law.

On December 8, 1988, appellant filed an application for death benefits with the Bureau of Workers' Compensation. His claim was denied throughout every level of the administrative process. On June 10, 1991, appellant filed a notice of appeal to the Common Pleas Court of Defiance County pursuant to R.C. 4123.519. Appellees subsequently filed a motion for summary judgment, which was granted on August 11, 1992. From this judgment appellant appeals, asserting one assignment of error:

"The trial court erred to the prejudice of the plaintiff-appellant in granting Defendant–Appellee Defiance Public Library's motion for summary judgment."

Appellant claims he should be permitted to participate in the Workers' Compensation Fund as a result of his wife's stress-related injury which resulted in her death. R.C. 4123.01(C) of the workers' compensation statutes provides the following definition of injury:

" 'Injury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment. 'Injury' does not include:

"(1) Psychiatric conditions except where the conditions have arisen from an injury or occupational disease;

"(2) Injury or disability caused primarily by the natural deterioration of tissue, an organ, or part of the body;

"(3) Injury or disability incurred in voluntary participation in an employer-sponsored recreation or fitness activity if the employee signs a waiver of his right to compensation or benefits under Chapter 4123. of the Revised Code prior to engaging in the recreation or fitness activity."

In *Ryan v. Conner* (1986), 28 Ohio St.3d 406, 28 OBR 462, 503 N.E.2d 1379, the Supreme Court of Ohio held that a physical injury occasioned by mental or emotional stress, received in the course of, and arising out of, an injured employee's employment, is an injury compensable under R.C. 4123.01(C). The

Supreme Court also established a two-part test to determine whether a stress-related injury is compensable. First, the claimant must show legal causation by demonstrating that the injury resulted from greater emotional strain or tension than that to which all workers are occasionally subjected. Once the claimant has satisfied this first test, he must then establish that the stress to which he (or claimant's decedent) was subjected was, in fact, the medical cause of the injury. *Id.* at 409–410, 28 OBR at 465–466, 503 N.E.2d at 1381–1383.

In arguing against summary judgment appellant presented evidence that Mrs. Small was under considerable stress as a result of her role in the library computerization project. Appellant's affidavit indicated Mrs. Small appeared nervous and "visibly agitated" prior to the meeting where she collapsed. Appellant also claimed the stressful events which led to his wife's death occurred in a narrow period of time immediately preceding her collapse. The affidavit of Janet Koch, who knew Mrs. Small and worked with her on the computerization project, also indicated that Mrs. Small was experiencing a great deal of stress as a result of problems with the project.

In its entry granting summary judgment in favor of appellees, the trial court indicated material issues of fact may exist as to Mrs. Small's emotional status and the cause(s) of her stress. The court, however, focused on the legal causation part of the *Ryan* test and concluded there was no evidence upon which reasonable minds could find that Mrs. Small was subjected to any greater emotional strain or tension than that to which all workers are occasionally subjected. We find no error in the trial court's granting of summary judgment in favor of appellees.

The standard for determining when a motion for summary judgment is properly granted pursuant to Civ.R. 56(C) is set forth in *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274, which states:

"Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party."

The burden of establishing that the material facts are not in dispute, and that no genuine issue of fact exists, is on the party moving for summary judgment. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. Once a motion for summary judgment has been filed,

Civ.R. 56 places a burden on the nonmoving party to then set forth specific evidentiary facts showing the existence of a genuine issue for trial. *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 117, 522 N.E.2d 489, 504–505; *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 111, 570 N.E.2d 1095, 1099.

The test established by the Supreme Court in *Ryan* requires the claimant to demonstrate that the injury resulted from " 'greater emotional strain or tension than that to which all workers are occasionally subjected * * *.' " *Ryan*, 28 Ohio St.3d at 409, 28 OBR at 465, 503 N.E.2d at 1382 (quoting *Wilson v. Tippetts–Abbott–McCarthy–Stratton* [1964], 22 A.D.2d 720, 721, 253 N.Y.S.2d 149, 150). In other words, the injury must result from "unusual" work place stress. *Id.* When considering whether work-related stress is "unusual," the stress must be considered from an objective standpoint rather than from the position of the injured worker.

"[T]he first test of *Ryan* is an objective test, squarely focusing on the stress experienced by *all* workers as a whole, not just to workers in a particular occupation or profession. To satisfy this test, the worker must distinguish the job stress at issue from the normal, everyday stress which all workers experience from time to time. The test relates to the *stress itself,* not to the worker's individualized or subjective response to the stress." (Emphasis *sic.*) Pompeani, Mental Stress and Ohio Workers' Compensation: When is a Stress–Related Condition Compensable? (1992), 40 Cleveland St.L.Rev. 35, 43.

In objectively considering whether work-related stress is compensable, it is necessary to view the stress experienced by the injured employee in comparison to the stress encountered by every member of the work force.

Appellant cites *Toensing v. MK–Ferguson Co.* (1992), 76 Ohio App.3d 826, 829, 603 N.E.2d 396, 398, where the Eighth District Court of Appeals interpreted *Ryan* by stating:

"In order for such a claim to be compensable, there must be evidence that the [injury] was caused by work-related physical exertion and greater stress than that customary in the decedent's usual work routine."

We find this holding to be in conflict with the holding of *Ryan* which states: " * * * the claimant must show that the injury resulted from greater emotional strain or tension than that to which *all workers* are occasionally subjected." (Emphasis added.) *Ryan, supra,* at paragraph two of the syllabus. The test is not so simple as determining whether the injured party experienced stress. Justice Holmes dissented in *Ryan* in part because he envisioned difficulty in ascertaining the meaning of "all workers" as a measure of job-related stress. *Ryan*, 28 Ohio St.3d at 414, 28 OBR at 469, 503 N.E.2d at 1385 (Holmes, J.,

dissenting). We also note that the dissent in *Toensing* indicated the elements of "comparative stress" and substantial causation had not been met.

■ A review of other decisions also leads us to conclude that we must consider Mrs. Small's work-related stress in comparison to that experienced by all other workers, rather than simply considering Mrs. Small's individual response to the stress. For example, three months after *Ryan* was decided the Court of Appeals for Scioto County considered *Simon v. Connor* (Mar. 31, 1987), Scioto App. No. 1567, unreported, 1987 WL 9070, and found that summary judgment in favor of the employer was improper. Mr. Simon, a guard at the Southern Ohio Correctional Facility, suffered a fatal heart attack allegedly caused by work-related stress. Simon was fifty-six years old and was in direct contact with inmates at the maximum security prison. It was alleged that there were stabbings at the prison as well as a shortage of guards. Just prior to his heart attack, Simon worked in excess of one hundred hours of overtime. Under these facts, whether Simon suffered greater emotional strain or tension than that to which all workers are occasionally subjected was a factual issue for the jury.

In a similar case, *State ex rel. Dubie v. Police & Firemen's Disability & Pension Fund* (1987), 39 Ohio App.3d 165, 530 N.E.2d 946, the decedent was a police officer assigned to jail duty on a night when a prisoner hanged himself. Threats directed toward the officer by other inmates caused the officer to complain of stress. The officer suffered a heart attack at the age of twenty-seven. A second inmate's suicide caused further tension for the officer who began to chain smoke and drink alcohol. The officer was also sued for fifteen million dollars as a result of one of the suicides. Eventually the officer took his own life. In deciding whether a writ of mandamus should be issued ordering the Police and Firemen's Disability and Pension Fund to award death benefits, the Tenth District Court of Appeals applied the *Ryan* test and concluded the officer was subjected to greater stress than all other workers by virtue of his connection to the suicides.

In *Grant v. Ohio Dept. of Liquor Control* (1993), 86 Ohio App.3d 76, 619 N.E.2d 1165, Judge Gorman wrote that a state liquor store clerk who had been robbed at gunpoint twice within a year's time had suffered greater emotional strain than that to which all workers are occasionally subjected.

■ In the present case the evidence indicates Mrs. Small was working on a project to computerize several libraries in Northwest Ohio. She became ill while presiding over a meeting to resolve a setback in the computerization project. While the facts in this case indicate the project was of great importance to Mrs. Small and created stress for her, there is no evidence to indicate that the stress experienced by Mrs. Small was any greater than the stress to which all workers

are occasionally subjected. The legal causation test of *Ryan* is not to be applied subjectively. The trial court did not err in granting summary judgment in favor of the Defiance Public Library and Patrick Mihm, Administrator of the Bureau of Workers' Compensation.

Having found no error prejudicial to the appellant herein, in any of the particulars assigned and argued, the judgment of the trial court is affirmed.

*Judgment affirmed.*

SHAW and THOMAS F. BRYANT, JJ., concur.