PENCE, Appellant,

v.

McSWAIN CARPETS, INC. et al., Appellees.

[Cite as *Pence v. McSwain Carpets, Inc.* (1993), 87 Ohio App.3d 793.]

Court of Appeals of Ohio,
Hamilton County.

No. C–920319.

Decided July 14, 1993.

*Finkelmeier & Finkelmeier* and *William I. Farrell,* for appellant.

*Harris & Jon Jacobs Co., L.P.A.,* and *Harris F. Jacobs,* for appellee McSwain Carpets, Inc.

*Lee Fisher,* Attorney General, and *William D. Haders,* Assistant Attorney General, for appellees Industrial Commission of Ohio and James L. Mayfield, Administrator, Bureau of Workers' Compensation.

*Per Curiam.*

Plaintiff-appellant Denna C. Pence filed a claim to participate in the Workers' Compensation Fund, asserting that she had suffered a work-related injury. A district hearing officer denied her claim on September 30, 1987. On March 28, 1988, the regional board of review reversed the hearing officer's denial and allowed Pence's claim. On February 15, 1989, the Industrial Commission of Ohio affirmed the board of review's decision.

Defendant-appellee, McSwain Carpets, Inc. ("McSwain"), filed an appeal to the court of common pleas pursuant to R.C. 4123.519. The common pleas court conducted a *de novo* trial, and held that Pence was not entitled to participate in the Workers' Compensation Fund. Pence then filed an appeal to this court.

On appeal, Pence raises two assignments of error for our review. We find no merit in these assignments of error, and, therefore, affirm the judgment of the court of common pleas.

Pence began working at McSwain in 1978. Sometime between July and September 1985, she was promoted to the position of inventory supervisor. On December 31, 1985, Pence suffered a spontaneous intracerebral hemorrhage, more commonly referred to as a stroke, while at work. She applied to participate in the Workers' Compensation Fund based upon this injury. The court of common pleas held that Pence had failed to show that she was subjected to greater stress than that to which other employees were subjected, and that Pence had failed to show that her injury was causally related to the stress in her work. The court of common pleas, therefore, denied her claim.

A physical injury occasioned solely by mental or emotional stress, received in the course of, and arising out of, an injured employee's employment, is compensable under R.C. 4123.01(C). *Ryan v. Connor* (1986), 28 Ohio St.3d 406, 28 OBR 462, 503 N.E.2d 1379. However, in order for an injury occasioned solely by mental or emotional stress to be compensable, the claimant must show that the injury resulted from greater emotional strain or tension than that to which all workers are occasionally subjected. *Id.*

Once this test has been met, the claimant must still establish that the stress to which she was subjected in her employment was, in fact, the medical cause of her injury. *Id.* To do this, the claimant must show a "substantial causal relationship between the stress and the injury for which compensation is sought." *Id.* at 410, 28 OBR at 465, 503 N.E.2d at 1382.

In her first assignment of error, Pence asserts that the trial court erred in finding that Pence "was not subjected to greater emotional strain or tension in the course of and arising out of her employment * * * than that to which all * * * employees were occasionally subjected." In support of this assertion, Pence argues that she was concerned about conducting a year-end inventory while using a computer, that she had been working overtime in order to complete the year-end inventory, and that she was upset at having to discharge a co-worker under her supervision. As evidence of the stress she had to suffer at work, Pence points to the fact that she had the stroke while in the meeting concerning the discharge of her co-worker.

McSwain presented evidence that many employees were involved in conducting the year-end inventory. McSwain did concede that the year-end inventory was a "big project" and that Pence had not had to discharge any other employee up to December 31, 1985.

The test established by the Supreme Court in *Ryan* requires the claimant to demonstrate that the injury resulted from "greater emotional strain or tension than that to which all workers are occasionally subjected." *Id.* at 409, 28 OBR at 465, 503 N.E.2d at 1382. In other words, the injury must result from

"unusual" workplace stress. *Small v. Defiance Pub. Library* (1993), 85 Ohio App.3d 583, 620 N.E.2d 879. When considering whether work-related stress is "unusual," a court must view the stress from an objective standpoint rather than from the position of the injured worker. *Id.* To satisfy this test, the claimant must distinguish the job stress at issue from the normal, everyday stress which all workers experience from time to time. The test relates to the stress itself, not to the worker's individualized or subjective response to the stress. *Id.*

Although Pence may have experienced stress while performing her work responsibilities at the end of the year, she did not demonstrate that the stress experienced by her was any greater than the stress to which all workers are occasionally subjected. Cf. *Grant v. Ohio Dept. of Liquor Control* (1993), 86 Ohio App.3d 76, 619 N.E.2d 1165 (clerk robbed at gunpoint twice within a year's time may have suffered greater emotional strain than that to which all workers are occasionally subjected). The trial court, therefore, properly held that Pence was not entitled to participate in the Workers' Compensation Fund because she failed to demonstrate that her injury resulted from greater emotional strain or tension than that to which all employees are occasionally subjected. Accordingly, Pence's first assignment of error is overruled.

In her second assignment of error, Pence contends that the trial court erred in holding that Pence failed to show that the stress to which she was subjected in her employment was, in fact, the medical cause of her stroke. In support of this contention, Pence relies upon the deposition of Dr. H. Paul Lewis.

Because, as discussed in the first assignment of error, Pence failed to demonstrate that she was subjected to greater emotional strain or tension than that to which all employees are occasionally subjected, Pence is not entitled to participate in the Workers' Compensation Fund as a result of her stroke. See *Ryan v. Connor, supra.* Therefore, the issue of whether she has established a causal relationship between her stress at work and her injury is moot. Accordingly, we need not address this assignment of error pursuant to App.R. 12(C).

The judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

SHANNON, P.J., and HILDEBRANDT, J., concur.

GORMAN, J., concurs separately.

GORMAN, Judge, concurring separately.

I agree with the majority decision that the judgment of the trial court should be affirmed. However, I would affirm the trial court's decision for different reasons. To prove a compensable stress-related injury under the first tier of the

test in *Ryan v. Connor* (1986), 28 Ohio St.3d 406, 409, 28 OBR 462, 464, 503 N.E.2d 1379, 1381, it was incumbent upon Pence to establish that her stress was "in some respect unusual," and her injury "resulted from greater emotional strain or tension than that to which all workers are occasionally subjected." See *Rambaldo v. Accurate Die Casting* (1992), 65 Ohio St.3d 281, 603 N.E.2d 975; *Small v. Defiance Pub. Library* (1993), 85 Ohio App.3d 583, 620 N.E.2d 879.

It is undisputed that Pence experienced stress in performing her supervisory duties during McSwain's year-end inventory project, and that she suffered a stroke while firing a co-worker. The nature of a confrontation involving the firing of a co-worker is itself proof of a level of stress greater than "that to which all workers are occasionally subjected," and is distinguishable from the case in which the injury is uniquely connected to the worker's individualized or subjective response to stress. Because workers' compensation statutes must be liberally construed in favor of employees under R.C. 4123.95, the trial court's holding that Pence did not show that she was subjected to "unusual" stress was against the manifest weight of the evidence. I fail to note any distinction between the facts in this case and the facts in *Ryan, supra,* in which the Ohio Supreme Court held that a myocardial infarction sustained by an employee the day after his employer suggested that he take early retirement was the consequence of work-related mental stress.

Pence's claim, however, must fail because under the second tier of the *Ryan* test the evidence supports the trial court's holding that Pence failed to establish a substantial causal relationship between her stress and the injury for which she seeks compensation. *Id.,* 28 Ohio St.3d at 410, 28 OBR at 465, 503 N.E.2d at 1382. Furthermore, the evidence did not show that the stress caused the stroke to occur before it would have occurred under ordinary circumstances. *Toensing v. MK–Ferguson Co.* (1992), 76 Ohio App.3d 826, 603 N.E.2d 396. Pence's expert, Dr. H. Paul Lewis, testified that a spontaneous intracerebral hematoma is an injury which occurs "without any determinable cause." In view of his opinion, there is competent, credible evidence from which a reasonable trier of fact could conclude that Pence's stroke was not caused by stress and, therefore, was not received in the course of, and arising out of, her employment.