**IPOLITO FELISE, Petitioner**

**v.**

**WORKMEN'S COMPENSATION COMMISSIONER, Respondent**

---

**AMERICAN SAMOA GOVERNMENT & CONTINENTAL INSURANCE CO.,**
**Real Parties in Interest**

High Court of American Samoa
Trial Division

CA No. 27-93

December 11, 1996.

Before KRUSE, Chief Justice, ATIULAGI, Associate Judge, and SAGAPOLUTELE, Associate Justice.

Counsel: For Petitioner, Charles V. Ala`ilima
For Real Party in Interest, American Samoa Government, Cheryl A. Quadlander, Assistant Attorney General
For Real Party in Interest, Continental Insurance Co., Roy J.D. Hall, Jr.

Opinion and Order:

The petition of Ipolito Felise seeks judicial review of a decision and order of the Workmen's Compensation Commission (hereafter the

"Commission") denying his application for permanent total disability benefits.

## FACTUAL BACKGROUND

On March 10, 1988, petitioner suffered two "transient ischemic attacks," minor strokes, while at work. The attacks left him partially paralyzed. Petitioner subsequently sought, and was paid, temporary total disability compensation benefits. While petitioner apparently recovered most of his abilities, his treating physician recommended an early retirement based on his disabilities. Petitioner then sought permanent total disability benefits status, under A.S.C.A. § 32.0605, citing "stress induced illness."

The petitioner was sent to Hawaii where he was examined by a cardiologist, Dr. Wesley Kai, of the Straub Hospital and Clinic. Based on Dr. Kai's finding that petitioner's medical problems were not related to cardiac disease, but instead to petitioner's chronic renal failure, diabetes and hypertension, his benefits were terminated by his employer's insurer for workmen's compensation, Continental Insurance Co., pursuant to A.S.C.A. § 32.0661.

Upon termination, petitioner sought a formal hearing before the Commission. A hearing was held on October 28, 1992. The Commission denied petitioner's claims stating:

> There is no evidence that the claimant suffered a disabling stroke, and while there was evidence that stress, diabetes, renal disease and cardiac problems tend to aggravated each other, the only relationship between the claimant's condition [] and his work appears to be that the attacks occurred while claimant was at work. There was no evidence presented that claimant was suffering any stress other than the stress usually associated with any job and there was no evidence that claimant's occupation was unusually stressful.

Petitioner now appeals the Commission's decision and order.

## STANDARD OF REVIEW

We review the Commission's order to determine if it was "in accordance with the law." A.S.C.A. § 32.0652. This review requires the court to uphold the Commission's order if it is supported by "substantial evidence." *Continental Insurance Co. v. Workmen's Compensation*

*Commission*, 15 A.S.R.2d 130, 133 (Trial Div. 1990);[1] *see also Continental Insurance Co. v. Workmen's Compensation Commission*, 7 A.S.R.2d 105 (Trial Div. 1988); *Hartford Fire Insurance v. Workmen's Compensation Commission*, 1 A.S.R.2d 57 (Trial Div. 1981). This standard requires the court to affirm the Commission's order if a "reasoning mind could have reached the factual conclusion the agency reached." *Id.*, at 133; *see also Continental Ins. Co. v. W.C.C.*, 8 A.S.R.2d 152, 155 (App. Div. 1988).

## DISCUSSION

Applying the above standard to the case at bar, we find substantial evidence to support the Commission's findings that the petitioner was not suffering from an "occupational disease" which arose out of and in the course of employment. A.S.C.A. § 32.0520.

■ Moreover, although all parties agree that stress and hypertension can contribute to heart disease, petitioner submitted little, if any, evidence which showed a casual relationship between his stress on the job and his asserted "occupational disease." But even had petitioner offered such evidence, he would also have to show that the stress inherent in his job is greater than that which all workers are occasionally subjected. *See Pence v. McSwain*, 623 N.E.2d 201, 203 (Ohio App. 1 Dist. 1993).

Petitioner offered little evidence on this issue. Indeed, he testified before the Commission that prior to his strokes he "was going to work over there for three months, which I had never had any work, I only come in the morning to punch my card, find a place to sit, because nobody ever give me the work or a job to do." How doing nothing all day could somehow subject the petitioner to greater stress than other workers is difficult to imagine.

## CONCLUSION

We find that the record substantially supports the Commission's finding of non-work related disease and therefore deny petitioner's claim for total disability benefits. The Commission's finding is affirmed.

---

[1] Petitioner argues that the Commission failed to rebut the presumption of compensability embodied in A.S.C.A. § 32.0642. We note that once the employer submits evidence which shows other causes for the injury, this may constitute sufficient evidence to rebut the presumption, and once rebutted the presumption drops out of the analysis. *See* 15 A.S.R.2d at 134 n.2. There was sufficient evidence presented at the agency hearing by the employer to rebut the presumption of compensability, and thus the presumption drops out of our analysis.

It is so ordered.