JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Lincoln Electric Holdings, Inc., appeals from a judgment of the Cuyahoga County Court of Common Pleas granting plaintiff-appellee, *Page 4 
Dena Henry, the right to participate in Lincoln Electric's workers' compensation program for death benefits. For the following reasons, we affirm.
 {¶ 2} The present appeal emanates from Dena Henry's appeal of a final order of the Industrial Commission, which had denied her the right to survivor death benefits. Dena Henry's husband, William Henry, died on December 10, 2002. On December 8, 2004, Dena Henry filed a workers' compensation claim, alleging that her husband's death was due to lethal cardiac arrhythmia caused by extreme stress at work.
 {¶ 3} After a four-day trial, the jury returned a verdict granting Dena Henry the right to survivor benefits. The trial court entered judgment accordingly.
 {¶ 4} It is from this judgment that Lincoln Electric appeals, raising a single assignment of error:
 {¶ 5} "The trial court committed prejudicial error by improperly instructing the jury on the issue of legal causation when it failed to unambiguously explain that in order to find that Appellee had the right to participate, her decedent's death must have resulted from unusual workplace stress considered from an objective standpoint rather than from the perspective of the decedent himself."
 {¶ 6} When reviewing a trial court's jury instructions, the proper standard of review for an appellate court is whether the trial court's refusal to give a requested jury instruction constituted an abuse of discretion under the facts and circumstances *Page 5 
of the case. State v. Wolons (1989), 44 Ohio St.3d 64, 68. The term "abuse of discretion" implies that the court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 7} In Wozniak v. Wozniak (1993), 90 Ohio App.3d 400, 410, the court explained:
 {¶ 8} "In determining the appropriateness of jury instructions, an appellate court reviews the instructions as a whole. Bailey v. Emilio C.Chu, M.D., Inc. (1992), 80 Ohio App.3d 627, 631; Wagenheim v. AlexanderGrant Co. (1983), 19 Ohio App.3d 7, 16. If, taken in their entirety, the instructions fairly and correctly state the law applicable to the evidence presented at trial, reversible error will not be found merely on the possibility that the jury may have been misled. (1 Ohio FarmersIns. Co. v. Cochran 922), 104 Ohio St. 427, paragraph six of the syllabus; Stonerock v. Miller Bros. Paving, Inc. (1991),72 Ohio App.3d 123, 1340. Moreover, misstatements and ambiguity in a portion of the instructions will not constitute reversible error unless the instructions are so misleading that they prejudicially affect a substantial right of the complaining party. Becker v. Lake Cty. Mem.Hosp. West (1990), 53 Ohio St.3d 202, 208; Stonerock,72 Ohio App.3d at 134." (Parallel citations omitted.)
 {¶ 9} Lincoln Electric agrees that the trial court properly charged the jury as to the legal causation set forth by the Ohio Supreme Court in Ryan v. Connor (1986), *Page 6 28 Ohio St.3d 406, which requires a finding that the injured worker's emotional strain must be "unusual." As to this test, the trial court instructed:
 {¶ 10} "In order for a physical injury occasioned by mental or emotional stress received in the course of and arising out of an injured employees's employment to be a compensable injury, the claimant must demonstrate that the [injury] resulted from unusual workplace stress that is greater emotional strain or tension than that to which all workers are occasionally subjected."
 {¶ 11} It argues, however, that when the trial court was attempting to "explain the objective nature of the test," its instructions became convoluted and unintelligible. Specifically, as Dena Henry points out, Lincoln Electric "focuses [its] argument on one sentence of a twelve-page instruction," which was:
 {¶ 12} "In determining whether work related stress is unusual, stress must be considered from an objective standpoint rather than from the position of an injured worker viewing stress experienced by an injured employee in comparison to stress encountered by every member of the work force."
 {¶ 13} Dena Henry maintains that this sentence, "[r]ead in conjunction with the previous" instruction, is a correct statement of the law.
 {¶ 14} In Ryan, the Ohio Supreme Court held that a physical injury occasioned by mental or emotional stress, received in the course of, and arising out of, an injured employee's employment, is an injury compensable under R.C. 4123.01(C). *Page 7 
The Supreme Court established a two-prong test to determine whether a stress-related injury is compensable. First, claimants must show legal causation by demonstrating that the injury resulted from greater emotional strain or tension than that to which all workers are occasionally subjected. Once claimants have satisfied the first prong, they must then establish that the stress to which they (or the decedent) was subjected to was, in fact, the medical cause of the injury. Id. at 409-410.
 {¶ 15} In Johnson v. Cleveland Coca Cola Bottling Co., 8th Dist. No. 84489, 2005-Ohio-396, this court explained:
 {¶ 16} "Because stress is experienced by every person in everyday life, in order for a stress-related injury to be compensable, it must be the result of mental or emotional stress that is, in some respect, `unusual.' [Ryan at 409.] `In objectively considering whether work-related stress is compensable, it is necessary to view the stress experienced by the injured employee in comparison to the stress encountered by every member of the work force,' rather than simply considering the claimant/decedent's individual response to the stress.Sommer v. Conrad (1999), 134 Ohio App.3d 291; Howell v. Euclid Wickliffe Serv. (1994), 99 Ohio App.3d 680; Waddington v. Levison
(1994), 98 Ohio App.3d 754; Pence v. McSwain Carpets, Inc. (1993),87 Ohio App.3d 793; Small v. Defiance Public Library (1993),85 Ohio App.3d 583, 587. The court must analyze the stress experienced under an objective standard. [Id.]" (Parallel citations omitted.) *Page 8 
 {¶ 17} Thus, in Johnson, this court stated the "objective standard" as: "it is necessary to view the stress experienced by the injuredemployee in comparison to the stress encountered by every member of the work force, rather than simply considering the claimant/decedent's individual response to the stress." The trial court instructed (pertinent part that is at issue): "rather than from the position of aninjured worker viewing stress experienced by an injured employee in comparison to stress encountered by every member of the work force."
 {¶ 18} We agree with Lincoln Electric that the instruction would have been more clear if the trial court had stated "rather than from the position of the injured worker." Then it would have been more clear to the jury that they should consider William Henry's stress from an objective standpoint, rather than from his own subjective perception.
 {¶ 19} Nonetheless, we agree with Dena Henry, that considering this part of the instruction, in conjunction with the previous instruction regarding the "unusual" prong, is a correct statement of the law, but does not rise to the level of reversible error. The trial court here still instructed the jury that it must consider the stress from an "objective" standpoint. As the court in Wozniak explained, "misstatements and ambiguity in a portion of the instructions will not constitute reversible error unless the instructions are so misleading that they prejudicially affect a substantial right of the complaining party." *Page 9 
 {¶ 20} Moreover, Lincoln Electric did not object to the trial court's instructions and thus, did not preserve this error for appeal. Lincoln Electric claims that it did properly preserve its objection to the jury instructions because "[t]hough [it] did not technically object to the offending instruction on the record," it had complied with Civ.R. 51(A) and apprised the court of the applicable objective standard for determining legal causation in its proposed jury instructions. We disagree.
 {¶ 21} Civ.R. 51 (A) provides in pertinent part that "[o]n appeal, a party may not assign as error the giving or the failure to give any instruction unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection."
 {¶ 22} As the court in Coffman v. Stoll, 9th Dist. No. 22189,2005-Ohio-711, explained:
 {¶ 23} "`This means that the party objecting to the instructions needs to be "exact and clear." The purpose of this provision is to make certain that the court is aware of the precise point involved as the court is to be afforded every opportunity to remedy a deficiency in the instructions.' 5 Ohio Civil Practice (2002), Section 179.04, citing Staff Note to Civ.R. 51(A) (July 1, 1972) and R.H. Macy Co., Inc. v.Otis Elevator Co. (1990), 51 Ohio St.3d 108, 109-10." Id. at _15.
 {¶ 24} Lincoln Electric relies on Presley v. Norwood (1973),36 Ohio St.2d 29, in support of its proposition that its proper statement of the law in its jury instructions *Page 10 
preserved its right to appeal. In Presley, the Supreme Court held at paragraph one of the syllabus:
 {¶ 25} "Where the record affirmatively shows that a trial court has been fully apprised of the correct law governing a material issue in dispute, and that the complaining party has unsuccessfully requested the inclusion of that law in the trial court's charge to the jury, such party does not waive his objections to the court's charge by failing to formally object thereto. (Civ. R. 51[A].)"
 {¶ 26} Thus, once a party makes a position sufficiently clear to the trial court such that the court has an opportunity to correct a mistake or defect in the charge, the rationale for a formal objection as required by Civ.R. 51(A) is no longer present. Presley at 33. In such a case, an objection would be a mere formality. Id.
 {¶ 27} Nonetheless, the Presley exception does not apply each time the trial court fails to give an instruction included among a party's proposed instructions. DuBoe v. Accurate Fabrication (July 20, 1999), 10th Dist. No. 98AP-842, 1999 Ohio App. LEXIS 3354, at 11. To apply thePresley exception to the waiver rule, the "record must still affirmatively show *** that the trial court was made fully aware of the proposed instruction and that appellant was unsuccessful in convincing the trial court to give such an instruction." Id.
 {¶ 28} "Thus, Presley is most appropriately applied when the appellant formally requested a particular instruction and the transcript of the trial reflects that the issue had been argued to the trial court during a conference or hearing on the *Page 11 
jury instructions. See, e.g., Krischbaum v. Dillon (1991),58 Ohio St. 3d 58, 61, 567 N.E.2d 1291 (no waiver when appellant requested particular instruction and `trial court and counsel engaged in lengthy discussion regarding the proposed instructions at issue, making their positions clear to the trial court')." DuBoe at 11-12.
 {¶ 29} The trial court here held extensive discussions on the issue of whether or not to use "emotional strain or tension" in the jury instructions rather than "emotional stress." Throughout most of the discussion, it was Dena Henry's counsel arguing with the trial court as to what terms to use. In none of the discussions, however, did Lincoln Electric's counsel raise the issue to the trial court that the instruction regarding the "objective" standard was ambiguous or confusing. At the end of the conference, the trial court asked if the parties were in agreement and Lincoln Electric's counsel replied, "[t]hey're acceptable to me." Then, after the trial court read the instructions to the jury, the trial court again asked counsel for both parties, "[s]atisfied?" Lincoln Electric's counsel replied that he was.
 {¶ 30} Thus, this is not the case where exception to the waiver rule in Civ.R. 51(A) applies. Lincoln Electric's counsel did not make the trial court "fully aware of the proposed instruction" and argue its point to the trial court. In fact, Lincoln Electric's counsel did not argue the point at all and thus, cannot now complain that it was "unsuccessful in convincing the trial court to give such an instruction," in order to fall within the Presley exception.DuBoe, supra. *Page 12 
 {¶ 31} Lincoln Electric also argues that the trial court's instruction to the jury was so confusing it constituted plain error. We disagree. This is not the exceptional civil case such that the plain error doctrine is necessary to prevent a manifest miscarriage of justice.Reichert v. Ingersoll (1985), 18 Ohio St.3d 220, 223.
 {¶ 32} Lincoln Electric's sole assignment of error lacks merit. The judgment of the Cuyahoga County Court of Common Pleas is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, A.J., and ANN DYKE, J., CONCUR. *Page 1