SCHMIDT, APPELLEE, *v.*
MAYFIELD, ADMR.; CITY OF DAYTON,
APPELLANT.

(No. CA 10174—Decided
July 16, 1987.)

*E.S. Gallon & Assoc.* and *Joseph R. Ebenger,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *G. Jack Davis, Jr.,* for James L. Mayfield, Administrator, Bureau of Workers' Compensation.

*Edward B. Neuman,* assistant city attorney, for appellant city of Dayton.

KERNS, P.J. This is an appeal by the city of Dayton from a judgment of the Court of Common Pleas of Montgomery County entered upon a jury verdict finding that the appellee, Clifford C. Schmidt, is eligible to participate in the Workers' Compensation Fund. Schmidt was a lieutenant with the Dayton Fire Department, and since 1980, he had been assigned as a supervisor at the department communications center. In this capacity, he and his crew of three dispatchers normally worked a twenty-four-hour shift beginning at 7:00 a.m., during which time the dispatch board was manned in rotation by two men while the other two would rest or attend to other duties.

On October 28, 1983, Schmidt's scheduled time off the board was spent

working on a special redistricting project, which was necessitated by the impending opening of a new engine house. Since the redistricting map was a prerequisite to the job of revising the communication center's response-file, Lieutenant Schmidt pushed himself to complete the map and have it approved by his chief before the weekend. This involved a number of trips up and down the stairs to the chief's office on another floor of the building. Moreover, the task required greater physical exertion than was customary in Schmidt's usual routine. After the appellee obtained approval for his redistricting proposal, which was at about 4:30 p.m., he resumed his dispatch duties until about 6:00 p.m., and thereafter, from 6:00 p.m. to 8:00 p.m., he worked on a final version of the redistricting map. Then, at 8:00 p.m., Schmidt took his turn on the dispatch board, but about an hour later, he suffered a heart attack. During his subsequent examination, a coronary catherization revealed severe occlusion of the coronary arteries, suggesting advanced arteriosclerotic heart disease which required extensive bypass surgery.

Thereafter, Schmidt filed an application for benefits with the Bureau of Workers' Compensation, but his claim was denied by the district hearing officer and by the Dayton Regional Board of Review. Subsequently, the Industrial Commission refused a further appeal of the matter, whereupon Schmidt commenced this action in the common pleas court pursuant to R.C. 4123.519. At the trial, the plaintiff relied upon his own testimony and the depositions of his cardiologist, Dr. C. David Joffe. The city presented Dr. Sudhakar Maraboyina as its expert witness. In reaching its verdict, the jury apparently concluded that the disability was proximately caused by a work-related injury which substantially accelerated a pre-existing condition, and the judgment entered upon the verdict is before this court for review.

The city of Dayton has submitted five assignments of error, the first two of which have been stated as follows:

"1. The court erred to the prejudice of the defendant-appellant in denying defendant's motion for a directed verdict and/or for a judgment N.O.V. since plaintiff-appellee failed to offer any evidence or to establish that a physical injury within the meaning of the Workers' Compensation Act, directly and proximately aggravated plaintiff's pre-existing coronary artery disease.

"2. The judgment in favor of plaintiff-appellee is contrary to law since plaintiff offered no evidence that his pre-existing coronary artery disease was directly and proximately aggravated by a compensable physical injury."

The appellant apparently does not seriously dispute the finding that the working conditions experienced by the appellee on October 28, 1983, might constitute an "injury" under R.C. 4123.01(C), and such finding is consistent with the case law which provides that a sudden mishap or physical damage through external means is not necessarily required to sustain a claim for injuries. *Czarnecki* v. *Jones & Laughlin Steel Corp.* (1979), 58 Ohio St. 2d 413, 12 O.O. 3d 353, 390 N.E. 2d 1195; *Hunyadi* v. *San Enterprises, Inc.* (1975), 48 Ohio App. 2d 251, 2 O.O. 3d 201, 356 N.E. 2d 747. However, the appellant does argue that there was a lack of evidence to show that Schmidt's work-related activities aggravated his heart disease and precipitated the heart attack. Specifically, the city contends that the appellee failed to show that his disability was accelerated by a substantial period of time as a direct result of the occurrence. *Swanton* v. *Stringer* (1975),

42 Ohio St. 2d 356, 71 O.O. 2d 325, 328 N.E. 2d 794; *Senvisky* v. *Truscon Steel Division* (1959), 168 Ohio St. 523, 7 O.O. 2d 390, 156 N.E. 2d 724.

However, the testimony of Dr. Joffe on this disputed point was unequivocal. In fact, the physical exertion and stress associated with the redistricting deadline, when coupled with the pressure attending Schmidt's usual dispatch duties, presented what his expert witness regarded as a classic case for the precipitation of a myocardial infarction. In response to a hypothetical question containing all of the pertinent facts of this case, Joffe stated that it was his opinion, within a reasonable degree of medical probability, that the appellee's work-related activities caused a rupture of arterial placque resulting in a thrombosis which caused complete blockage of his partially occluded coronary artery. Joffe also opined that the resulting heart attack occurred substantially sooner than it would have occurred under ordinary circumstances.

The appellant argues that the mere use of words of causation is not enough to establish the requisite relationship between the work activity and the aggravation of the pre-existing condition (*McKee* v. *Electric Auto-Lite Co.* [1953], 168 Ohio St. 77, 5 O.O. 2d 345, 151 N.E. 2d 540), but Joffe's opinion, as well as the opinion of the appellant's expert witness, appears to be attuned to well-established medical findings which link stress and unusual exertion to the acceleration of heart disease. And while the specific cause of a cardiac episode is not susceptible to determination with the same degree of medical certainty as most other disabilities, such condition is nonetheless compensable under the law. *Dillon* v. *Connor* (Oct. 24, 1984), Clark App. No. 1954, unreported. Here, the testimony of Joffe was sufficient, if believed by the jury, to establish the cause of the aggravation. *Swanton* v. *Stringer, supra.*

The appellant claims further that the evidence was insufficient for the alleged reason that Joffe was unable to specify the amount of time by which the events of October 28, 1983, accelerated Schmidt's disability, but such testimony was unnecessary, and probably unavailable as a practical matter. *Thomas* v. *Keller* (1967), 9 Ohio App. 2d 237, 38 O.O. 2d 262, 224 N.E. 2d 165. Joffe did state, based on statistical studies, that there was only a one-in-eight chance that the appellee would have had a heart attack within the next year without the precipitating activities.

Next, the appellant suggests that Joffe's testimony was not credible for the alleged reason that he contradicted himself as to the temporal proximity necessary to establish causation. In this case, Schmidt's heart attack occurred about four and a half hours after his completion of the redistricting project, and the appellant points, therefore, to an answer given by Joffe in a deposition wherein he stated that myocardial infarction can follow the precipitating cause by minutes, an hour, two hours, or three, though it is unlikely to occur days later. However, Joffe did not state at the time that four and a half hours was too much intervening time to conclude that there was a causal relationship, and he was emphatic in his testimony that such a causal relationship existed in this case. The evidence of causation was contradicted by the appellant's expert, Dr. Maraboyina, thus posing an issue for the jury to resolve, and this court is not in a position to interfere with the finding that the occurrence was a culmination of the day's activities.

Finally, the appellant asserts that the appellee's heart attack, if work-related at all, was occasioned solely by mental and emotional stress, and that

it was therefore not compensable. *Szymanski* v. *Halle's Dept. Store* (1980), 63 Ohio St. 2d 195, 17 O.O. 3d 120, 407 N.E. 2d 502. In this regard, the record shows that Joffe found that the appellee's disability was traceable to a combination of physical and mental stress factors, but, in any event, the *Szymanski* case, insofar as it determined that a heart attack precipitated by work-related mental stress is not compensable, has recently been overruled. *Ryan* v. *Connor* (1986), 28 Ohio St. 3d 406, 28 OBR 462, 503 N.E. 2d 1379. For the time being, at least, the *Ryan* case reflects the law of Ohio and, accordingly, the argument of the appellant is without merit.

A motion for a directed verdict or for judgment notwithstanding the verdict should not be granted unless the court can determine, after construing the evidence most strongly in favor of the opposing party, that the movant is entitled to judgment as a matter of law. Civ. R. 50; *O'Day* v. *Webb* (1972), 29 Ohio St. 2d 215, 58 O.O. 2d 424, 280 N.E. 2d 896. Here, neither party was entitled to judgment as a matter of law, and this court may not simply substitute its opinion for that of the jury upon the credibility of the witnesses and the weight of the evidence. *Seasons Coal Co.* v. *Cleveland* (1984), 10 Ohio St. 3d 77, 10 OBR 408, 461 N.E. 2d 1273; *C.E. Morris Co.* v. *Foley Constr. Co.* (1978), 54 Ohio St. 2d 279, 8 O.O. 3d 261, 376 N.E. 2d 578. Accordingly, the first and second assignments of error are overruled.

The third assignment of error is based upon the following allegation:

"3. The court committed prejudicial error in admitting testimony of plaintiff-appellee's expert witness."

The appellant has failed to submit any argument in support of this alleged error, and the record does not suggest any reason which might enable us to conclude that the testimony of Joffe was objectionable or inadmissible. Hence, the alleged error is overruled.

The fourth and fifth assignments of error have been presented by the appellant as follows:

"4. The court incorrectly interpreted and applied the law regarding aggravation in a workers' compensation action.

"5. The court committed prejudicial error in instructing the jury."

These assignments suggest that the jury instructions were based upon a misunderstanding of the law and that such instructions were therefore misleading, but neither contention is borne out by the record in this case. In fact, the appellant's initial argument that the charge on acceleration or aggravation was unwarranted for lack of evidence must be rejected because of the testimony presented by Joffe. Additionally, the appellant challenges the trial court's failure to provide a definition of the word "aggravation," but it is clear that the instructions given, as a whole, adequately apprised the jury of the need for substantial acceleration of the pre-existing condition. Furthermore, we are unable to agree with the appellant that the use of the phrase "more than a token period of time" in defining "substantial acceleration" rendered the charge fatally defective. See 3 Ohio Jury Instructions (1986), Section 365.13. On the contrary, a complete analysis of the instructions reflects a correct application of the law to the issues raised by the evidence. *Feterle* v. *Huettner* (1971), 28 Ohio St. 2d 54, 57 O.O. 2d 213, 275 N.E. 2d 340. Moreover, the appellant's failure to comply with the specific-objection requirement of Civ. R. 51 amounts to a waiver of the claimed errors in the instructions. *Schade* v. *Carnegie Body Co.* (1982), 70 Ohio St. 2d 207, 24 O.O. 3d 316, 436 N.E. 2d 1001; *Hardiman* v. *Zep Mfg. Co.* (1984), 14 Ohio App. 3d

222, 14 OBR 250, 470 N.E. 2d 941. The fourth and fifth assignments of error are overruled.

The judgment of the common pleas court is affirmed.

*Judgment affirmed.*

BROGAN and WOLFF, JJ., concur.