TOENSING et al., Appellants,

v.

MK–FERGUSON COMPANY, Appellee; Mayfield, Admr.

[Cite as *Toensing v. MK–Ferguson Co.* (1992), 76 Ohio App.3d 826.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 61670.

Decided Feb. 6, 1992.

*Wegman, Hessler, Vanderburg & O'Toole, David J. Hessler* and *James C. De Vries,* for appellants.

*Greiner, Carolin & Spector* and *Robert S. Spector,* for appellee.

*Lee Fisher,* Attorney General, and *Q. Albert Corsi,* Assistant Attorney General, for James L. Mayfield, Administrator.

*Per Curiam.*

Plaintiffs-appellants Aline L. Toensing, Richard R. Toensing, and Cheryl L. Toensing ("appellants") appeal from the trial court's judgment granting summary judgment in favor of defendant-appellee MK–Ferguson Co. ("appellee").[1] The facts giving rise to the instant appeal are as follows:

---

1. James L. Mayfield, Administrator of the Bureau of Workers' Compensation, was named as a defendant in this case. However, we find that the trial court's judgment renders appellants' complaint against him moot. Thus, the trial court judgment is a final appealable

Appellants' decedent, Robert V. Toensing, commenced his employment with appellee in 1968 and occupied the position of Manager of Information Systems. On October 31, 1986, decedent died of a heart attack while he was seated at his desk while he was in the employ of appellee. It was not disputed that decedent smoked cigarettes and had a family history of cardiovascular disease. Nor was there a dispute that decedent had problems with his pulmonary and circulatory systems.

On or about June 30, 1987, appellants filed an application for workers' compensation with the Bureau of Workers' Compensation. Appellants claimed that decedent suffered a heart attack and died in the course of and arising out of his employment with appellee. According to appellants, decedent's death was accelerated by physical and emotional stresses brought on by his employment.

After a hearing was conducted on February 7, 1988, the district hearing officer ordered that the appellants' claim be denied. On or about April 20, 1988, appellants appealed the denial of their claim to the Cleveland Regional Board of Review of the Industrial Commission of Ohio.

On August 17, 1988, a hearing was conducted on appellants' appeal. On October 7, 1988, the Cleveland Regional Board of Review overturned the district hearing officer's denial and allowed appellants' claim for death benefits.

On or about October 21, 1988, appellee appealed the Cleveland Regional Board of Review's decision to the Industrial Commission of Ohio, which conducted a hearing on May 25, 1989. On July 8, 1989, the Industrial Commission of Ohio vacated the order of the Cleveland Regional Board of Review and reinstated the order of the district hearing officer. Accordingly, appellants were denied death benefits.

On July 24, 1989, appellants filed a notice of appeal with the Cuyahoga County Court of Common Pleas. Appellants claimed that they were entitled to participate in the Workers' Compensation Fund.

On February 1, 1991, appellee filed a motion for summary judgment, arguing that appellants' claim for death benefits was not compensable, since no work-related injury or occupational disease was shown to have caused decedent's premature death. On March 25, 1991, the trial court granted appellee's motion for summary judgment.

---

order and Civ.R. 54(B) is not applicable to said judgment. See *Wise v. Gursky* (1981), 66 Ohio St.2d 241, 20 O.O.3d 233, 421 N.E.2d 150.

Appellants filed a timely notice of appeal and subsequently raised the following assignment of error:

"The trial court erred to the prejudice of plaintiffs-appellants by granting the motion for summary judgment of defendant-appellee MK–Ferguson Co."

Appellants argue that decedent's death was caused by stress at work, which aggravated a pre-existing condition. In support of their argument, appellants cite Dr. T. Rey Rivera's affidavit and Certificate in Proof of Death. In both documents, Dr. Rey Rivera stated that decedent's death was accelerated by stress, under which he was placed due to the added travel, responsibility and work load at his employment. Dr. Rivera specifically concluded that decedent's work aggravated a pre-existing condition which caused his death.

■ A death caused by a heart attack at the workplace may be compensable for a claimant seeking to participate in the Workers' Compensation Fund. *Ryan v. Connor* (1986), 28 Ohio St.3d 406, 28 OBR 462, 503 N.E.2d 1379. In order for such a claim to be compensable, there must be evidence that the heart attack was caused by work-related physical exertion and greater stress than that customary in the decedent's usual work routine. *Id.* at 410, 28 OBR at 465, 503 N.E.2d at 1382. Further, there must be proof that the stress precipitated the heart attack sooner than it would have occurred under ordinary circumstances. *Schmidt v. Mayfield* (1987), 39 Ohio App.3d 157, 530 N.E.2d 1331, syllabus.

■ Upon a review of the evidence in this case, we find that there exists a genuine issue of material fact as to whether decedent's heart attack was work related. Dr. Rivera's statements in his affidavit and Certificate in Proof of Death clearly raised questions whether decedent's death was caused by stress he was allegedly subjected to while working for appellee. Accordingly, we conclude that the trial court erred in granting summary judgment in favor of appellee.

Appellants' assignment of error is well taken and is sustained.

The trial court's judgment is reversed and this case is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

SPELLACY and JAMES D. SWEENEY, JJ., concur.

JOHN F. CORRIGAN, J., dissents.

JOHN F. CORRIGAN, Judge, dissenting.

I respectfully dissent.

In *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 323–324, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265, 273–274, the United States Supreme Court held that the plain language of the summary judgment rule mandates the entry of summary judgment, after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273. In such a situation, there can be no "genuine issue as to any material fact," since a complete failure of proof concerning an essential element of a non-moving party's case necessarily renders all other facts immaterial. *Id.*

In *Ryan v. Connor* (1986), 28 Ohio St.3d 406, 28 OBR 462, 503 N.E.2d 1379, the Supreme Court held that a physical injury occasioned solely by mental or emotional stress received in the course of, and arising out of, an injured employee's employment is compensable under R.C. 4123.01(C).

The court stated:

"We * * * hold that in order for a stress related injury to be compensable, the claimant must show that the injury resulted from 'greater emotional strain or tension than that to which all workers are occasionally subjected * * *.' *Wilson v. Tippetts–Abbott–McCarthy–Stratton* (1964), 22 App.Div.2d 720, 721, 253 N.Y.Supp.2d 149, 150. See, also, *Santacroce v. 40 W. 20th St., Inc.* (1961), 10 N.Y.2d 855, 222 N.Y.Supp.2d 689 [178 N.E.2d 912].

"Once a claimant has met this first test, he still must establish that the stress to which he (or claimant's decedent) was subjected in his employment was, in fact, the medical cause of his injury. In this regard, the claimant must show a substantial causal relationship between the stress and the injury for which compensation is sought. The claimant therefore must 'show by a preponderance of the evidence, medical or otherwise, * * * that a direct or proximate causal relationship existed between * * * [the stress] and his harm or disability,' *Fox v. Indus. Comm.* (1955), 162 Ohio St. 569 [55 O.O. 472, 125 N.E.2d 1], paragraph one of the syllabus; or, when death benefits are sought, that the claimant's decedent's death was 'accelerated by a substantial period of time as a direct and proximate result of the * * * [stress].' *McKee v. Electric Auto–Lite Co.* (1958), 168 Ohio St. 77 [5 O.O.2d 345, 151 N.E.2d 540], syllabus." *Id.* at 409–410, 28 OBR at 465, 503 N.E.2d at 1382.

In this case, however, plaintiffs' evidence was wholly insufficient to establish the requisite elements of comparative stress and substantial causation.

As to the first element, comparative stress, plaintiffs asserted that the decedent had taken seven business trips during the last three months of his life. Defendant's motion for summary judgment established, however, that the comparative stress element could not be proven as defendant demonstrat-

ed that eighty percent of the decedent's co-workers travelled more than did the decedent. Plaintiffs presented absolutely no evidence to the contrary and therefore failed to create a genuine issue of material fact as to this element.

Having failed to establish this essential element of their cause of action, plaintiffs could not prevail, and the trial court therefore properly granted defendant's motion for summary judgment pursuant to *Celotex Corp. v. Catrett, supra.* I would affirm the judgment rendered below.