HOWELL, etc., Appellant,

v.

EUCLID & WICKLIFFE SERVICES, et al., Appellees.

[Cite as *Howell v. Euclid & Wickliffe Serv.* (1994), 99 Ohio App.3d 680.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 93–L–204.

Decided Dec. 27, 1994.

George N. Wukovich, for appellant.

Michael C. Cohan, for appellee Euclid & Wickliffe Services.

Lee Fisher, Attorney General, and Cash Mischka, Assistant Attorney General, for appellees Bureau of Workers' Compensation and Industrial Commission of Ohio.

---

JOSEPH E. MAHONEY, Presiding Judge.

This is an appeal from a judgment of the Lake County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Euclid & Wickliffe Services ("E & W Services"), Wes Trimble, Administrator, Bureau of Workers' Compensation ("bureau"), and the Industrial Commission of Ohio ("commission"), and denying the workers' compensation claim of appellant, Pattrisha Howell, for benefits following the death of her husband, David K. Howell.

The facts, taken in a light most favorable to appellant, are as follows. In July 1989, decedent, a twenty-four-year-old male, was employed as a punch press operator by appellee, E & W Services. On July 13, 1989, decedent went to work for his scheduled 4:00 p.m. to 4:30 a.m. shift. Sometime around 3:00 a.m., decedent complained of a headache and a sore neck and went outside to take a

break. At 3:30 a.m., a co-worker found decedent unresponsive and lying on the ground. Decedent was transported by ambulance to Lake West Hospital, where he was pronounced dead.

On July 15, 1989, an autopsy was performed which determined that decedent's cause of death was a left cerebellar hemorrhage. No blood or urine toxicology screening tests were performed.

On January 29, 1990, appellant filed a workers' compensation death claim with appellee commission. The claim was denied by the district hearing officer, whose report stated, in pertinent part:

"There is insufficient medical evidence to support death claim [sic], and further the best evidence shows the death was not work related (i.e. drug related)."

Appellant's claim was appealed to the regional board of review ("board"), but was again denied when the board affirmed the district hearing officer's order. Thereafter, appellant appealed her claim to the staff hearing officers, who affirmed, in part, the order of the board, stating "that it is supported by proof of record and is not contrary to law." The staff hearing officers also modified the order to find that appellant and decedent's child were legally dependant upon decedent.

On December 17, 1992, appellant filed a notice of appeal and a complaint in the Lake County Court of Common Pleas, alleging that while decedent was acting within the scope of his employment, he suffered a cerebellar hemorrhage and subsequently died.

On January 19, 1993, a notice was filed with the court showing that appellant had served appellees with appellant's first set of discovery requests. The commission and E & W Services filed notice that their responses to appellant's requests had been served on appellant on February 26, 1993 and March 3, 1993, respectively.

On August 18, 1993, the bureau and the commission filed a motion for summary judgment and, in the alternative, a motion to dismiss. Attached to this motion was an affidavit of appellees' counsel attesting to the authenticity of a copy of an opinion letter written by appellant's medical expert, Dr. Alan E. Kravitz. In that letter, Dr. Kravitz stated "that the frustration, tension, aggravation and stress that this individual had with respect to his work caused this otherwise unexplained *cerebellar* hemorrhage." (Emphasis *sic*.)

On September 2, 1993, E & W Services filed a motion to dismiss and/or motion for summary judgment. Attached to this motion was an affidavit of Frank Noewer, a day-shift supervisor for E & W Services. Noewer attested, *inter alia,*

that the punch press operated by decedent on July 13, 1989 was "operating well" on the day of decedent's death.

Appellant filed several motions, namely, a motion in opposition to both motions for summary judgment, a motion to stay summary judgment proceedings, and a motion for continuance of trial. Appellant also filed a supplemental motion to her motion to stay and motion for a continuance. Appellant attached several exhibits to her motions, none of which was properly certified.

On November 18, 1993, the trial court, without an opinion, granted appellees' motions for summary judgment.

Appellant filed a timely notice of appeal and now presents the following assignments of error:

"I. The trial court erred in granting defendant-appellees' [*sic*] motions for summary judgment, as defendant-appellees [*sic*] have failed to meet the three prong test required pursuant to Rule 56(C), O.R.C.P.

"II. The trial court erred in finding moot, and denying, plaintiff-appellant's motion to stay summary judgment proceedings."

In the first assignment of error, appellant argues that the trial court erred in granting appellees' motions for summary judgment. Specifically, appellant asserts that there are two genuine issues of material fact to be litigated: first, whether the punch press operated by Howell was malfunctioning, and second, whether the malfunction gave rise to an extraordinary and extreme level of work-related stress, which caused decedent's cerebellar hemorrhage and eventual death.

Civ.R. 56(C) governs summary judgment motions and provides, in pertinent part, that:

" * * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in the rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * * "

In construing Civ.R. 56(C), the Supreme Court of Ohio has stated that summary judgment may be granted when: "(1) No genuine issue as to any

material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

"The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment." *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. The nonmoving party is forced "to produce evidence on any issue for which that party bears the burden of production at trial." *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 111, 570 N.E.2d 1095, 1099. If the nonmoving party fails to prove the existence of an element essential to that party's case, there can be no genuine issue as to any material fact and all other facts are rendered immaterial. *Celotex v. Catrett* (1986), 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 272–273.

Thus, as the nonmoving party, appellant bears the burden of producing evidence to establish that she is entitled to participate in the Workers' Compensation Fund because decedent's cerebellar hemorrhage and death were occasioned by work-related stress.

The Supreme Court of Ohio has held "that a physical injury occasioned solely by mental or emotional stress, received in the course of, and arising out of, an injured employee's employment, is compensable under R.C. 4123.01(C)." *Ryan v. Connor* (1986), 28 Ohio St.3d 406, 409, 28 OBR 462, 464–465, 503 N.E.2d 1379, 1381. *Link v. Eaton Corp.* (June 30, 1988), Lake App. No. 12–043, unreported. The *Ryan* court stated that:

" * * * [I]n order for a stress-related injury to be compensable, the claimant must show that the injury resulted from ' "greater emotional strain or tension than that to which all workers are occasionally subjected * * *." ' *Wilson v. Tippetts–Abbott–McCarthy–Stratton* (1964), 22 A.D.2d 720, 721, 253 N.Y.S.2d 149, 150. See, also, *Santacroce v. 40 W. 20th St., Inc.* (1961), 10 N.Y.2d 855, 222 N.Y.S.2d 689, 178 N.E.2d 912.

"Once a claimant has met this first test, he still must establish that the stress to which he (or claimant's decedent) was subjected in his employment was, in fact, the medical cause of his injury. In this regard, the claimant must show a substantial causal relationship between the stress and the injury for which compensation is sought. * * * " *Id.*, 28 Ohio St.3d at 409–410, 28 OBR at 465, 503 N.E.2d at 1382.

Thus, the *Ryan* court established a two-part test to determine whether a claimant is entitled to participate in the Workers' Compensation Fund for a stress-related work injury. *Small v. Defiance Pub. Library* (1993), 85 Ohio App.3d 583, 620 N.E.2d 879.

In *Small,* the Third District Court of Appeals interpreted the first part of this test to require that the injury resulted from unusual stress, and that "the stress must be considered from an objective standpoint rather than from the position of the injured worker." *Id.* at 587, 620 N.E.2d at 881–882.

The First District Court of Appeals followed *Small* in *Pence v. McSwain Carpets, Inc.* (1993), 87 Ohio App.3d 793, 623 N.E.2d 201, when it applied an objective standard to distinguish whether work-related stress of an inventory supervisor at the end of the year was greater than the stress to which all workers were occasionally subjected.

However, the Eighth District Court of Appeals applied a subjective standard in *Toensing v. MK–Ferguson Co.* (1992), 76 Ohio App.3d 826, 603 N.E.2d 396. The court considered whether "the [injury] was caused by work-related physical exertion and greater stress than that customary in the *decedent's* usual work routine." (Emphasis added.) *Id.* at 829, 603 N.E.2d at 398.

The *Small* court noted the subjective standard applied in *Toensing,* but stated that it was "in conflict with holding of *Ryan,* which states, ' * * * the claimant must show that the injury resulted from greater emotional strain or tension than that to which *all workers* are occasionally subjected.' " *Small.* (Emphasis *sic.*)

 We agree with the reasoning in *Small* and hold that the first part of the test established in *Ryan* requires an objective standard. We believe that this interpretation is in accord with the specific language in *Ryan* and find support in the reasoning applied in *Ryan,* which stated:

"Because stress is experienced by every person in everyday life, it is necessary to define what kind of mental or emotional stress is legally sufficient to give rise to a compensable injury. Much stress occurring in the course of, and arising out of, employment, is simply a result of the demands of functioning in our society, and participating in the work force, in and of itself, is a stressful activity. In order for a stress-related injury to be compensable, therefore, it must be the result of mental or emotional stress that is, in some respect, unusual. * * * " *Id.,* 28 Ohio St.3d at 409, 28 OBR at 465, 503 N.E.2d at 1382.

Consequently, appellant must show that the stress experienced by decedent was greater than that to which all other workers were subjected. Appellant argues that the stress was greater. Appellant contends that the punch press operated by decedent repeatedly malfunctioned and required him to climb up and down on the press in an attempt to fix it. Appellant also contends that decedent

became extremely frustrated and agitated after these repeated, unsuccessful attempts, and that this extraordinary amount of stress caused his cerebellar hemorrhage and eventual death.

Appellant cites numerous exhibits to support these contentions. However, there were no affidavits to attest to the authenticity of these exhibits, nor any depositions, stipulations, or admissions as required by Civ.R. 56(C) to assert these facts. Even if we assume, for the purpose of this review, that the punch press had malfunctioned and required repeated repair, an objective standard warrants consideration of the stress which all other workers would have experienced in response to the malfunctioning punch press rather than merely considering decedent's response to the stress.

As unfortunate as it may be, malfunctioning equipment in the work place occurs all too often. The frustration, tension, and stress that result are the consequences of participating in the work force. Appellant has produced no evidence to show that decedent's stress was unusual or greater than that experienced by all other workers. There is no evidence that decedent's stress was the result of anything other than the demands of functioning in our society and participating in the work place. Therefore, appellant has failed to establish that decedent's stress was legally sufficient to give rise to a compensable injury under *Ryan* and has failed to create a genuine issue of material fact as to this element.

As appellees correctly point out, if a claimant cannot meet the first part of the test, no inquiry is needed on the issue of medical causation. *Ryan, supra*, 28 Ohio St.3d at 409–410, 28 OBR at 464–466, 503 N.E.2d at 1381–1383. Therefore, appellant's claim that her medical expert's opinion, which supported medical causation, was undisputed is immaterial to appellant's claim.

Accordingly, appellant has failed to produce evidence to establish each element in her workers' compensation claim and has failed to carry the burden for which she bears at trial. All other genuine issues of fact, including appellant's contention that there was a genuine issue as to whether the punch press was malfunctioning, were rendered immaterial, and summary judgment was properly granted in favor of appellees.

Appellant's first assignment of error is without merit.

In the second assignment of error, appellant argues that the trial court erred in finding moot, and denying, appellant's motion to stay summary judgment. Specifically, appellant contends that her motion to stay the summary judgment is not moot because appellees failed to show that a genuine issue of material fact exists as to the cause of and the circumstances surrounding decedent's death, failed to produce evidence to show decedent's death was caused by anything other than

unusual job stress, and failed to show that reasonable minds could come to but one conclusion: that decedent's stress was not unusual.

■ Appellant's contention incorrectly applies the requirements of Civ.R. 56(C). In a motion for summary judgment, the moving party carries the burden of demonstrating that no genuine issue exists as to any material fact. *Harless, supra.* A motion for summary judgment forces the nonmoving party to produce evidence on any issue for which he carries the burden of production at trial. *Wing, supra.* The burden of production does not shift to the moving party.

In the case *sub judice,* appellees moved for summary judgment and, thus, were required to specifically set forth only each area of appellant's claim which did not raise an issue of material fact. Therefore, contrary to appellant's contention, appellees were not required to show that a genuine issue of fact existed as to the cause of decedent's death or to produce evidence to show that his death was caused by anything other than stress. The burden rested on appellant and, as we stated under the first assignment of error, appellant failed to carry that burden when she failed to produce any evidence which could establish the legal causation element of her workers' compensation claim.

■ Appellant also contends that the denial of her motion for a continuance prevented her from completing discovery of material and relevant evidence and deprived her of a full and fair opportunity to prove her case. More specifically, appellant contends that a continuance was necessary to investigate the testimony of the individuals listed on appellees' witness list. Appellant also contends that the affidavit of Noewer, which was attached to appellees' motion for summary judgment, was filed on the eve of the discovery deadline, leaving appellant insufficient time for a full investigation. Appellant further contends that appellees' motion identified for the first time that the punch press was a "Trumpf 180 Laser Press," and that the mechanical records on this press appeared to be incomplete.

Civ.R. 56(F) provides that:

" * * * Should it appear from the affidavits of a party opposing the motion for summary judgment that he cannot for sufficient reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."

" * * * However, where the party opposing the motion for summary judgment does not support his motion for a continuance with affidavits, the court does not err in overruling the motion for a continuance and is free to consider the merits of the motion for summary judgment." *Grange Mut. Cas. Co. v. State Auto. Mut. Ins. Co.* (1983), 13 Ohio App.3d 217, 13 OBR 267, 468 N.E.2d 909, paragraph one

of the syllabus. Thus, Civ.R. 56(F) gives the trial court discretion when considering a motion for a continuance. *Transamerica Fin. Serv. v. Stiver* (1989), 61 Ohio App.3d 49, 52, 572 N.E.2d 149, 151. There can be no abuse of discretion unless the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Steiner v. Custer* (1940), 137 Ohio St. 448, 19 O.O. 148, 31 N.E.2d 855. Accord *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

Our review of the record shows that appellant's contentions were not set forth in affidavits as required by Civ.R. 56(F). Hence, the trial court's decision to deny the appellant's motion for continuance and rule on appellees' motion for summary judgment was within its discretion. Considering the evidence presented before the court, as stated under the first assignment of error, we do not find that the trial court's denial was unreasonable, arbitrary or unconscionable.

Accordingly, appellant's second assignment of error is without merit.

Based on the foregoing, the trial court's judgment granting summary judgment in favor of appellees is affirmed.

*Judgment affirmed.*

NADER and CACIOPPO, JJ., concur.

MARY CACIOPPO, J., retired, of the Ninth Appellate District, sitting by assignment.