JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff Moses Whetstone, a Cleveland police officer assigned to patrol in the vicinity of the mayor's house, suffered a heart attack while on duty. He brought this action against the city of Cleveland seeking to recover benefits from the workers' compensation fund. The jury returned a verdict in the city's favor. Whetstone filed a motion for a new trial on grounds that the court erroneously instructed the jury regarding the applicable law relating to the level of stress necessary to make a compensable claim for those workers engaged in inherently dangerous professions. The court denied the motion for a new trial and this appeal followed.
 {¶ 2} Whetstone based his motion for a new trial on three different grounds under Civ.R. 59, but the most apt ground is Civ.R. 59(A)(9), which allows the court to grant a new trial based upon "error of law occurring at the trial and brought to the attention of the trial court." This is because a jury instruction is nothing more than a statement of law which the jurors must apply to facts as determined by them. Hence, a party claiming error in the content of a jury instruction is essentially arguing that the court committed an error of law. Because Civ.R. 59(A)(9) involves a question of law without regard to the court's discretion as to wording the instruction, we employ a de novo standard of review. SeeRohde v. Farmer (1970), 23 Ohio St.2d 82, paragraph two of the syllabus.
 {¶ 3} Whetstone based his claim for workers' compensation benefits on his heart attack being an injury sustained in the course and scope of employment. Pursuant to Ryan v. O'Connor (1986), 28 Ohio St.3d 406, 409, and without objection from either party, the court instructed the jury that:
 {¶ 4} "An injury arises out of the employee's employment when part of the activities, conditions, and risks of his work place proximately caused it. An employee can recover Workers' Compensation benefits for heart attack if his employment involved unusual physical exertion or unusual mental stress that proximately caused that condition, unusual mental stress, greater emotional stress or tension than other workers occasionally experience.
 {¶ 5} "When considering whether the stress involved is greater than the stress to which all workers are occasionally subjected, the stress must be considered from the objective viewpoint of ordinary persons."
 {¶ 6} After the jury retired to deliberate, it sent the court the following question: "Please define `other workers'. Does this mean police officers or other ordinary individuals?"
 {¶ 7} The court replied that "[o]ther workers refers to ordinary individuals and not necessarily other police officers." Whetstone objected to the inclusion of the word "necessarily" in the court's answer.
 {¶ 8} Whetstone maintains that the inclusion of the word "necessarily" in the court's answer to the jury question permitted the jury to consider "police officers" when determining whether his mental stress was "unusual." He maintains that the court gave the jury the choice to include police officers within the mix of persons and thus significantly elevated the standard for recovery, for it would "raise the bar" for those workers who encounter life-threatening situations in the performance of their jobs. He argues that the court should have applied a legal standard in which the jury would objectively apply the Ryan test to the ordinary worker.
 {¶ 9} A prior decision from this court, Toensing v. MK-Ferguson Co.
(1992), 76 Ohio App.3d 826, 829, held that a compensable claim for a stress-related heart attack requires a showing that the heart attack was caused by work-related physical exertion and greater stress than is customary in the claimaint's usual work routine. That decision is arguably at odds with the very specific language of Ryan, which requires a comparison of stress presented without limitation to "other workers," not just stress that is customary in a claimant's line of work. To the extent that Toensing conflicts with Ryan, we adhere to the specific holding of the supreme court in Ryan.
 {¶ 10} The court therefore correctly instructed the jury by telling it to compare Whetstone to all other workers, regardless whether they engaged in police work. He is not entitled to a new trial under Civ.R. 59(A). The assigned error is overruled. Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., concurs.
 Cooney, J., concurs in judgment only with separate concurring Opinion.
 CONCURRING OPINION