[Cite as *Reminger Co., L.P.A. v. Fishman*, 2026-Ohio-2093.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

REMINGER CO., L.P.A.,                      :

    Plaintiff-Appellee,              :

                                  No. 115897

    v.                               :

OZZIE FISHMAN,                             :

    Defendant-Appellant.             :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 4, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-25-114082

---

### *Appearances:*

Reminger Co., L.P.A., Brian P. Nally, and Kaitlyn M. Posta, *for appellee.*

Ozzie Fishman, *pro se.*

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant Ozzie Fishman ("Fishman"), pro se, appeals the trial court's granting of summary judgment in favor of plaintiff-appellee Reminger Co., L.P.A. ("Reminger" or "the firm") and awarding damages. Upon review, we affirm the trial court's decision.

## I. Facts and Procedural History

{¶ 2} In March 2025, Reminger — a legal professional association organized under Ohio law — filed a two-count complaint against Fishman, asserting claims for breach-of-contract and unjust-enrichment. Therein, Reminger alleged that Fishman retained Reminger to represent him in a pending arbitration case and entered into a valid and enforceable written contract with the firm in April 2023 ("Engagement Agreement"). Reminger claimed that its attorneys immediately began performing legal services for Fishman and continued to do so through October 2024. According to Reminger, the firm issued periodic invoices to Fishman according to the Engagement Agreement's terms. However, Fishman failed and/or refused to pay Reminger for its legal services or reimburse the firm for cost advancements and case expenses. After Reminger made numerous attempts to resolve the issues related to Fishman's non-payment, Fishman promised to begin making periodic payments. Nevertheless, Fishman never made any payments to Reminger. As a result, Reminger sought damages, interest, litigation costs and expenses, attorney fees, and any other relief deemed equitable. Reminger attached redacted copies of the Engagement Agreement and 13 invoices to the complaint.

{¶ 3} In May 2025, Reminger moved for default judgment after Fishman failed to respond to its complaint. A default hearing was held in June 2025, and Fishman appeared pro se. The trial court granted Fishman leave to file an answer, and he filed a "statement in opposition to [Reminger's] motion for summary judgment" that same day.

**{¶ 4}** After the trial court held telephone conferences and set a case-management schedule, Fishman filed several contested motions, pleadings, and briefs — among them a motion for summary judgment filed in July 2025. Therein, Fishman argued that the Engagement Agreement misstated and exceeded the scope of the requested services and was contingent upon Reminger's receipt of retainer, which was never paid. Fishman claimed that despite this contingency, Reminger breached its own contract and waived its enforcement rights by proceeding to render services absent receipt of the required retainer, provided "out-of-scope services," and failed to send monthly itemized bills. Fishman asserted that Reminger's breach-of-contract and unjust-enrichment claims were "barred by contract principles, professional obligations, and controlling case law." Fishman attached approximately 110 pages of unauthenticated exhibits to his motion, including the Engagement Agreement, email correspondence, and invoices. The trial court held Fishman's motion for summary judgment in abeyance since it was filed months prior to the close of discovery.

**{¶ 5}** Fishman filed an additional motion for summary judgment on the day of the October 2025 dispositive-motion deadline. In his two-page motion, Fishman argued that Reminger "failed to meet a condition precedent, breached the [Engagement Agreement] by not issuing monthly invoices, performed work outside the agreed scope, billed after the matter was settled, and failed to supplement discovery as required." As a result, Fishman concluded that he was entitled to summary judgment on all claims. Fishman attached an affidavit that he executed in

support of his motion and approximately 225 pages of summaries, tables, indexes, and exhibits, which included "true and correct copies of documents referenced . . . and relied upon in [his] motion for summary judgment."

{¶ 6} Reminger opposed Fishman's motions, countering that some of the cases cited by Fishman did not exist and the arguments raised were either misguided or false. Reminger asserted that Fishman's nonpayment of the retainer did not void the attorney-client relationship and the firm kept him apprised of fees during its representation, which was within the scope of the Engagement Agreement. Reminger further claimed that Fishman acknowledged his requirement to pay, promised he would begin making payments, and never raised any issues with the scope of the firm's representation before the complaint's filing.

{¶ 7} Reminger also filed its own motion for summary judgment. Therein, Reminger argued that it was entitled to summary judgment on its breach-of-contract claim. Reminger asserted that Fishman breached the Engagement Agreement — a valid contract for legal services to which Fishman was the sole signatory — after he failed to pay for the services Reminger provided pursuant to the Engagement Agreement's terms. In the alternative, Reminger argued that it was entitled to summary judgment on its unjust enrichment claim. Reminger claimed that Fishman obtained the benefit of the firm's legal services, knew and acknowledged that he was obligated to pay for those services, and failed to make any payments.

{¶ 8} Reminger supported its motion for summary judgment with an affidavit executed by the firm's counsel of record in the matter ("Counsel"). Counsel attested that Reminger began representing Fishman in the arbitration after he signed the Engagement Agreement; Fishman specifically agreed to the necessary and reasonable hourly rates charged and never claimed that Reminger performed services outside of the scope of the Engagement Agreement; and all of Reminger's work was related to Fishman's representation in the arbitration. Counsel further attested that Fishman told him on multiple occasions that he would make payments toward the outstanding invoices and never requested copies of the invoices or disputed the amounts or specific items included. According to Counsel, Reminger had not received a single payment from Fishman as of the affidavit's date. True and accurate copies of the following exhibits were redacted and attached to the affidavit, with unredacted versions filed under seal: the Engagement Agreement; the answer filed by respondents, including Fishman, in the arbitration; the answer and counterclaim filed by Reminger in the arbitration on behalf of Fishman; correspondence that Reminger exchanged with Fishman throughout its representation; 13 invoices; correspondence Reminger exchanged with Fishman about his unpaid invoices; and Fishman's deposition transcript.

{¶ 9} After Fishman failed to timely respond, Reminger filed a reply in support of its motion for summary judgment. The reply reiterated Reminger's arguments and asserted that the motion should be considered unrefuted and unopposed. Fishman sought leave to file an opposition instanter, and the trial court

granted his contested motion. In his one-page brief in opposition, Fishman countered that "[d]isputes exist regarding scope of engagement, billing compliance, condition precedent, unauthorized work, benefit conferred, discovery compliance, and RFA responses." Fishman did not reference or include any case law or exhibits in support of his brief.

{¶ 10} The trial court denied Fishman's motions for summary judgment and granted Reminger's motion, finding that no genuine issues of material fact remained and the firm was entitled to judgment as a matter of law on its breach-of-contract claim. The trial court dismissed Reminger's alternative claim for unjust enrichment with prejudice and issued judgment in favor of Reminger and against Fishman in the amount of $25,582.26 plus eight percent interest and court costs.

{¶ 11} Fishman appeals, raising four assignments of error for review:

**Assignment of Error No. 1**

The trial court erred in granting summary judgment in favor of [Reminger] where genuine issues of material fact existed, in violation of Civ.R. 56.

**Assignment of Error No. 2**

The trial court erred by disregarding [Fishman's] binding admissions under Civ.R. 36.

**Assignment of Error No. 3**

The trial court erred by awarding damages unsupported by competent, admissible evidence.

**Assignment of Error No. 4**

The trial court erred by awarding duplicative interest in violation of R.C. 1343.03.

## II. Law and Analysis

{¶ 12} In each of his assignments of error, Fishman challenges the trial court's decision granting summary judgment in favor of Reminger on its breach-of-contract claim and awarding damages.

{¶ 13} An appellate court reviews the grant or denial of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). In a de novo review, the appellate court affords no deference to the trial court's decision and independently reviews the record to determine whether summary judgment is appropriate. *Hollins v. Shaffer*, 2009-Ohio-2136, ¶ 12 (8th Dist.); *Smathers v. Glass*, 2022-Ohio-4595, ¶ 30.

{¶ 14} A party may seek affirmative relief by moving for summary judgment as to all or any part of a claim. Civ.R. 56(A). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Am. Dental Ctr. v. Wunderle*, 1993 Ohio App. LEXIS 4437, 4 (8th Dist. Sept. 16, 1993), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986). Summary judgment is appropriate if (1) no genuine issue of any material fact remains; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion

and, construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *Grafton* at 105. This court explained:

> "[T]he plain language of the summary judgment rule mandates the entry of summary judgment, after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of a non-moving party's case necessarily renders all other facts immaterial."

(Citations omitted.) *Corradi v. Soclof*, 1995 Ohio App. LEXIS 2162, 6 (8th Dist. May 25, 1995), quoting *Toensing v. MK-Ferguson Co.*, 76 Ohio App.3d 826, 830 (8th Dist. 1992), citing *Celotex Corp.* at 323-324.

{¶ 15} The party moving for summary judgment bears the burden of demonstrating that no genuine issues of material fact exist for trial. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). The moving party has the initial responsibility of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. *Id.* To accomplish this, the movant must be able to point to Civ.R. 56(C) evidentiary materials, which include "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any[,]" for the court's consideration in rendering summary judgment. *Id.*; Civ.R. 56(C). "These evidentiary materials must show that there is no genuine issue as to any material

fact, and that the moving party is entitled to judgment as a matter of law." *Dresher* at 293.

{¶ 16} After the moving party's initial burden is satisfied, the nonmoving party "'may not rest upon the mere allegations or denials in the pleadings.'" *Id.*, quoting Civ.R. 56(E). Rather, the nonmoving party's reciprocal burden is triggered, requiring it to set forth specific facts, by the means listed in Civ.R. 56(C), showing that there remains a genuine issue for trial. *Id.* Finally, we note that a trial court may consider evidence other than the materials specified in Civ.R. 56(C) if — as is the case here — no objections are raised. *State ex rel. Gilmour Realty, Inc. v. Mayfield Hts.,* 2009-Ohio-2871, ¶ 17.

{¶ 17} In his first assignment of error, Fishman argues that the trial court erred because "material factual disputes remain regarding the enforceability of the Engagement Agreement, whether any condition precedent was satisfied or waived, what the parties reasonably understood about payment responsibility, and what damages — if any — are recoverable." In his second assignment or error, Fishman contends that the trial court erred by failing to give his Civ.R. 36 admissions "effect when ruling on summary judgment." In his third assignment of error, Fishman challenges the money damages awarded against him, claiming that Reminger failed to present "competent evidence establishing the reasonableness, necessity, authorization, and value of the claimed fees." Finally, in his fourth assignment of error, Fishman contends that the interest award should be vacated or corrected since the "claimed damages already embedded interest prior to judgment, such that

adding statutory interest duplicated interest already included in the damages figure."

{¶ 18} However, Fishman does not support his conclusions with references to evidence in the record, citations to relevant law, or developed arguments. Instead, Fishman's challenges make vague references to allegedly disputed facts and issues, "key elements" that his Civ.R. 36 admissions may bear on, and the trial court's purported failures and errors. Fishman's application of legal authority to the underlying case stops with his citations to two cases, which he uses to define the summary-judgment standard of review on appeal. Fishman also identifies Civ.R. 36 and 56, App.R. 16, and R.C. 1343.03, but fails to discuss how these rules and statues relate to his appeal. Fishman's appellate briefs provide no authority to support his specific challenges or refute the authority set forth by Reminger.

{¶ 19} App.R. 16(A)(7) requires appellants to include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." When appellants fail to cite any legal authority in support of their claims, this court is allowed to disregard them. *Lewicki v. Grange Ins. Co.*, 2023-Ohio-4544, ¶ 41 (8th Dist.), citing *Pinkney v. Salett*, 2011-Ohio-4121, ¶ 3 (8th Dist.), citing App.R. 12(A)(2); App.R. 16(A)(7); *Siemientkowski v. State Farm Ins.*, 2005-Ohio-4295, ¶ 23 (8th Dist.). Appellate courts are not advocates, and appellants bear the burden of constructing the legal arguments necessary to support their assignments

of error. *Id.*, citing *Taylor-Stephens v. Rite Aid of Ohio*, 2018-Ohio-4714, ¶ 121 (8th Dist.), and *Doe v. Cuyahoga Cty. Community College*, 2022-Ohio-527, ¶ 26 (8th Dist.). "'If an argument exists that can support [an] assigned error, it is not this court's duty to root it out.'" *Strauss v. Strauss*, 2011-Ohio-3831, ¶ 72 (8th Dist.), quoting *Cardone v. Cardone*, 1998 Ohio App. LEXIS 2028, *22 (9th Dist. May 6, 1998).

{¶ 20} Moreover, "'pro se litigants are presumed to have knowledge of the law and legal procedures and . . . are held to the same standards as litigants who are represented by counsel.'" *State ex rel. Fuller v. Mengel*, 2003-Ohio-6448, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654 (10th Dist. 2001). Indeed, "'[p]ro se litigants are not entitled to greater rights, and they must accept the results of their own mistakes.'" *Fazio v. Gruttadauria*, 2008-Ohio-4586, ¶ 9 (8th Dist.), quoting *Williams v. Lo*, 2008-Ohio-2804, ¶ 18 (10th Dist.).

{¶ 21} The burden rests with Fishman to establish the validity of his assignments of error; yet he provides this court with minimal guidance or support for his position. Therefore, we decline to review Fishman's claims that the trial court erred in granting summary judgment in favor of Reminger and awarding of damages.

{¶ 22} However, we note that even if we were to address the merits of Fishman's appeal, we would find that the trial court properly granted Reminger's motion for summary judgment. Reminger satisfied its initial responsibility by

informing the trial court of the basis for its motion, identifying portions of the record that demonstrated the absence of a genuine issue of material fact, and pointing to Civ.R. 56(C) evidentiary materials that established the essential elements of its breach of contract claim. Indeed, our review of those materials reveals that Fishman executed and entered into the Engagement Agreement with Reminger, Reminger rendered services according to that Engagement Agreement, and Fishman failed to pay Reminger for those services. Fishman failed to satisfy his reciprocal burden, requiring him to set forth specific facts and Civ.R. 56(C) evidence showing that there remained a genuine issue for trial. Consequently, the trial court did not err in determining that no genuine issues of material fact remained and Reminger was entitled to judgment as a matter of law on its breach-of-contract claim. Accordingly — and in the absence of any authority cited to the contrary — we overrule Fishman's four assignments of error and affirm the trial court's decision.

{¶ 23} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

EILEEN T. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR